UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

| | |
|---|---|
| JARELL J. BREWER, <br><br> Plaintiff, <br><br> v. <br><br> LEWIS, et al., <br><br> Defendants. | CAUSE NO.: 3:23-CV-866-TLS-JEM |

**OPINION AND ORDER**

Jarell J. Brewer, a prisoner without a lawyer, filed a Complaint. ECF No. 2. "A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers." *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (cleaned up). Nevertheless, under 28 U.S.C. § 1915A, the Court must review the merits of a prisoner complaint and dismiss it if the action is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief.

Brewer alleges that, on July 2, 2023, he had an argument with Sgt. Hudson because he was placed in a recreation cage that did not have a working phone. Sgt. Hudson left the area while Brewer was talking to other officers. When Brewer returned to his cell, his TV and tablet had been broken.[1] He was expecting a shower that day, but Sgt. Hudson refused to let him take a shower.

---

[1] It does not appear that Brewer is attempting to sue for the value of his lost property, but to the extent that was his intention, his claim cannot proceed. The Fourteenth Amendment provides that state officials shall not "deprive any person of life, liberty, or property, without due process of law . . . ." But, a state tort claims act that provides a method by which a person can seek reimbursement for the negligent loss or intentional depravation of property meets the requirements of the due process clause by providing due process of law. *Hudson v. Palmer*, 468 U.S. 517, 533 (1984) ("For intentional, as for negligent deprivations of property by state employees, the state's action is not complete until and unless it provides

The next day, Sgt. Hudson refused to let Brewer go to recreation. When the other inmates were returning from recreation, Brewer stuck his tablet out of the bars of his cell and confronted Sgt. Hudson about why she broke his tablet. She responded, "Oh well." ECF No. 1 at 5. He replied by stating, "I'll slap the shit out of you." *Id.* Brewer notes that his hands were inside the cell when he said this, but Sgt. Hudson responded by spraying him with mace, which Brewer believes was unjustified.[2]

The Eighth Amendment prohibits cruel and unusual punishment—including the application of excessive force—against prisoners convicted of crimes. *McCottrell v. White*, 933 F.3d 651, 662 (7th Cir. 2019). The "core requirement" of an excessive force claim is that the defendant "used force not in a good-faith effort to maintain or restore discipline, but maliciously and sadistically to cause harm." *Hendrickson v. Cooper*, 589 F.3d 887, 890 (7th Cir. 2009) (cleaned up). Deference is given to prison officials when the use of force involves security measures taken to quell a disturbance because "significant risks to the safety of inmates and prison staff" can be involved. *McCottrell*, 933 F.3d at 663 (quoting *Whitley v. Albers*, 475 U.S. 312, 320 (1986)). Prisons are dangerous places, and security officials are tasked with the difficult job of preserving order and discipline among inmates. *Lewis v. Downey*, 581 F.3d 467, 476 (7th Cir. 2009). To compel compliance—especially in situations where officers or other inmates are faced with threats, disruption, or aggression—the use of summary physical force is often warranted. *Id*. at 477 (citing *Hickey v. Reeder*, 12 F.3d 754, 759 (8th Cir. 1993)). Several factors

---

or refuses to provide a suitable postdeprivation remedy."). The Indiana Tort Claims Act (Indiana Code § 34-13-3-1 *et seq*.) and other laws provide for state judicial review of property losses caused by government employees and provide an adequate post deprivation remedy to redress state officials' accidental or intentional deprivation of a person's property. *See Wynn v. Southward*, 251 F.3d 588, 593 (7th Cir. 2001) ("Wynn has an adequate post deprivation remedy in the Indiana Tort Claims Act, and no more process was due.").

[2] Sgt. Hudson claimed Brewer tried to hit her with his tablet, but the Court accepts Brewer's version of events as true at the screening stage of the case.

guide the inquiry of whether an officer's use of force was legitimate or malicious, including the need for an application of force, the threat posed to the safety of staff and inmates, the amount of force used, and the extent of the injury suffered by the prisoner. *Hendrickson*, 589 F.3d at 890.

Here, Brewer admits he stopped Sgt. Hudson by reaching out of his cell, argued with her, and threatened to "slap the shit out of [her]." ECF No. 1 at 5. Brewer was disruptive and threatened physical aggression against Sgt. Hudson. Having his hands inside his cell when he threatened Sgt. Hudson does not make the use of force unjustified. Sgt. Hudson was not required to wait for Brewer to act on his threat to take corrective action. Brewer cannot plausibly allege that the force used against him was excessive under these circumstances. *See, e.g.*, *Guitron v. Paul*, 675 F.3d 1044, 1046 (7th Cir. 2012) ("Custodians must be able to handle, sometimes manhandle, their charges, if a building crammed with disgruntled people who disdain authority . . . is to be manageable."); *Santiago v. Walls*, 599 F.3d 749, 757 (7th Cir. 2010) (affirming district court's dismissal of excessive force claim described in inmate's complaint "[g]iven the threat to the safety of the officers and the threat to the maintenance of good order and discipline in the institution"). Therefore, he will not be permitted to proceed on this claim.

Brewer returned to the unit on July 5, 2023, and he was placed in a disciplinary cell that is called the "bubble cell." ECF No. 1 at 5–6. He reports that each of the defendants began punishing[3] him by denying him what he believes he is entitled to: three meals per day, three showers per week, and five periods of recreation per week.[4] He alleges that he did not receive

---

[3] Brewer says they were "retaliating" against him (ECF No. 1 at 2), but to proceed on a claim for retaliation, the plaintiff must have engaged in activity protected by the First Amendment. *Gomez v. Randle*, 680 F.3d 859, 866 (7th Cir. 2012). Brewer confronted Sgt. Hudson in an insubordinate manner, and this removes his speech from First Amendment protections. *See, e.g.*, *Kervin v. Barnes*, 787 F.3d 833, 835 (7th Cir. 2015) ("[B]acktalk by prison inmates to guards, like other speech that violates prison discipline, is not constitutionally protected.").

[4] To the extent Brewer is alleging that the defendants violated the IDOC's policies by not providing him with three meals a day, three showers a week, and three opportunities to attend recreation, his allegations do not state a claim. "42 U.S.C. § 1983 protects plaintiffs from constitutional violations, not violations of

these benefits from July 6, 2023, through July 10, 2023, and July 12, 2023, through July 14, 2023. While he has identified only a nine-day period where he was deprived of three meals a day, showers, and recreation, he indicates he did not shower for over two weeks and developed a rash. Similarly, while identifying only a nine-day period, he indicates that his meals were disrupted in some way for two and a half weeks.

In evaluating an Eighth Amendment claim, courts conduct both an objective and a subjective inquiry. *Farmer v. Brennan*, 511 U.S. 825, 834 (1994). The objective prong asks whether the alleged deprivation is "sufficiently serious" so that "a prison official's [act results] in the denial of the minimal civilized measure of life's necessities." *Id.* (cleaned up). The subjective prong asks whether the defendant was deliberately indifferent. "[C]onduct is deliberately indifferent when the official has acted in an intentional or criminally reckless manner, *i.e.*, the defendant must have known that the plaintiff was at serious risk of being harmed and decided not to do anything to prevent that harm from occurring even though he could have easily done so." *Board v. Farnham*, 394 F.3d 469, 478 (7th Cir. 2005) (cleaned up). Objectively, "[t]here is, of course, a de minimis level of imposition with which the Constitution is not concerned." *Ingraham v. Wright*, 430 U.S. 651, 674 (1977); *see also Hudson v. McMillian*, 503 U.S. 1, 9–10 (1992).

Inmates are entitled to adequate food. *Knight v. Wiseman*, 590 F.3d 458, 463 (7th Cir. 2009). There are, however, many reasons why people, inmates and free citizens alike, will occasionally miss meals. In *Morris v. Kingston*, 368 F. App'x 686 (7th Cir. 2010), the Seventh

---

state laws or, in this case, departmental regulations and police practices." *Scott v. Edinburg*, 346 F.3d 752, 760 (7th Cir. 2003).

4

Circuit considered a case where an inmate involuntarily missed 17 meals over 23 days. The court explained:

> To establish an Eighth Amendment violation, a prisoner must show that he has been severely harmed and that prison officials were deliberately indifferent to that harm. *Farmer*, 511 U.S. at 834, 114 S. Ct. 1970; *Collins v. Seeman*, 462 F.3d 757, 760 (7th Cir. 2006). This requires that prison officials knew about a substantial risk of harm to the inmate and refused to act to prevent that harm. *Farmer*, 511 U.S. at 837, 114 S. Ct. 1970; *Dale v. Poston*, 548 F.3d 563, 569 (7th Cir. 2008). Mere negligence—even gross negligence—does not violate the Constitution. *Lee v. Young*, 533 F.3d 505, 509 (7th Cir. 2008).

*Id*. at 688–89. The court concluded that the plaintiff in that case had not "establish[ed] a constitutional violation because he has not shown that missing his meals or medicine caused serious harm or lasting detriment." *Id*. at 689 (citing *Freeman v. Berge*, 441 F.3d 543, 547 (7th Cir. 2006)). Brewer alleges that he did not receive three meals a day for a number of days, but he does not indicate how many meals were missed. He also does not indicate how he was harmed by the missed meals. It cannot be plausibly inferred from the allegations in Brewer's complaint that being denied three meals a day for a handful of days deprived him of the minimal civilized measure of life's necessities.

Brewer also complains that the defendants denied him showers for two weeks. "The importance of the daily shower to the average American is cultural rather than hygienic . . . ." *Davenport v. DeRobertis*, 844 F.2d 1310, 1316 (7th Cir. 1988). Brewer does not indicate if he had a sink in his cell or explain why a sink was inadequate to meet his basic hygiene needs. *See id*.; *Jaros v. Ill. Dep't of Corr*., 684 F.3d 667, 671 (7th Cir. 2012) (recognizing that weekly showers are not a constitutional violation). Without more details about his circumstances, these allegations are insufficient to state a claim.

Brewer alleges that he received recreation only once between July 6, 2023, and July 14, 2023. However, Brewer has not alleged that he was deprived of all physical activity. Though a

5

total lack of exercise would state a claim "[w]here movement is denied and muscles are allowed to atrophy," *French v. Owens*, 777 F.2d 1250, 1255 (7th Cir. 1985), the denial of "desirable, entertaining diversions . . . [do] not raise a constitutional issue," *Harris v. Fleming*, 839 F.2d 1232, 1236 (7th Cir. 1988).

> Recreation and the ability to obtain physical exercise have been properly recognized as important human needs. *See, e.g.*, *Davenport v. DeRobertis*, 844 F.2d 1310, 1315–16 (7th Cir. 1988). However, there is no constitutional right to a specific form of recreation. Rather, only the objective harm that *can* result from a significant deprivation of movement implicates the Eighth Amendment. *French v. Owens,* 777 F.2d 1250, 1255 (7th Cir. 1985) (the Eighth Amendment is implicated where a denial of exercise causes the muscles to atrophy and threatens the health of the individual).

*Douglas v. DeBruyn*, 936 F. Supp. 572, 578 (S.D. Ind. 1996). Thus, merely alleging that he was denied access to recreation time outside of his cell for all but one day of a nine-day period does not state a claim.

Furthermore, Brewer claims that all six defendants denied him meals, showers, and recreation, but he does not make any specific allegations regarding any defendant. Only individuals personally involved in violating Brewer's rights may be held liable, and the complaint does not make it clear who did what or when they did it. "Public employees are responsible for their own misdeeds but not for anyone else's." *Burks v. Raemisch*, 555 F.3d 592, 596 (7th Cir. 2009). "Only persons who cause or participate in the violations are responsible." *George v. Smith*, 507 F.3d 605, 609 (7th Cir. 2007).

Brewer also complains about the condition of the bubble cell itself. Here, Brewer alleges the walls in the bubble cell where he was housed for thirty days had human waste on them. Brewer, however, does not indicate which defendant, if any, knew about the bodily waste on the walls. Because he has not alleged that any defendant had personal knowledge of the condition of

6

the cell and the authority to remedy the situation, he cannot proceed on this claim. *See, e.g.*, *Burks*, 555 F.3d at 596.

Brewer also alleges that, sometime between July 18, 2023, and July 31, 2023, Sgt. Peaks punched and kicked him while he was face down on his bed and in cuffs. He then threw Brewer to the floor. Brewer will be granted leave to proceed against Sgt. Peaks for using excessive force against him.

Brewer further alleges that Sgt. Wolford watched Sgt. Peaks assault him but did not intervene. "[O]fficers who have a realistic opportunity to step forward and prevent a fellow officer from violating a plaintiff's right through the use of excessive force but fail to do so" may be held liable. *Miller v. Smith*, 220 F.3d 491, 495 (7th Cir. 2000) (citing *Yang v. Hardin*, 37 F.3d 282, 285 (7th Cir. 1994)). Giving Brewer the inferences to which he is entitled at this stage of the case, he may proceed against Sgt. Wolford.

Brewer also indicates that Sgt. Peaks and Sgt. Wolford denied him medical care following Sgt. Peaks' attack. He indicates his ribs hurt and his eye was slightly swollen, but he offers no further details. These allegations are too vague to state a claim.

For these reasons, the Court hereby:

(1) GRANTS Jarell J. Brewer leave to proceed against Sgt. Peaks in his individual capacity for compensatory and punitive damages for using excessive force against him while handcuffed sometime between July 18, 2023, and July 31, 2023, in violation of the Eighth Amendment;

(2) GRANTS Jarell J. Brewer leave to proceed against Sgt. Wolford in his individual capacity for compensatory and punitive damages for failing to intervene in Sgt. Peaks' use of

7

excessive force occurring sometime between July 18, 2023, and July 31, 2023, in violation of the Eighth Amendment;

    (3) DISMISSES all other claims;

    (4) DISMISSES Sgt. Lewis, Sgt. Stone, Sgt. Hudson, and Sgt. Muniz;

    (5) DIRECTS the Clerk of Court, under 28 U.S.C. § 1915(d), to request Waiver of Service from (and if necessary, the United States Marshals Service to use any lawful means to locate and serve process on) Sgt. Peaks and Sgt. Wolford at the Indiana Department of Correction, with a copy of this Order and the Complaint [ECF No. 2];

    (5) ORDERS the Indiana Department of Correction to provide the full name, date of birth, and last known home address of any defendant who does not waive service if it has such information; and

    (6) ORDERS, under 42 U.S.C. § 1997e(g)(2), Sgt. Peaks and Sgt. Wolford to respond, as provided for in the Federal Rules of Civil Procedure and N.D. Ind. L.R. 10-1(b), only to the claims for which the Plaintiff has been granted leave to proceed in this screening order.

    SO ORDERED on May 2, 2024.

                                                   s/ Theresa L. Springmann  
                                                   JUDGE THERESA L. SPRINGMANN  
                                                   UNITED STATES DISTRICT COURT