## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

JARELL J. BREWER,

        Plaintiff,

        v.

LEWIS, et al.,

        Defendants.

CAUSE NO.: 3:23-CV-866-TLS-AZ

### OPINION AND ORDER

Numerous motions are pending before the Court: ECF Nos. 79, 81, 84, 89, 90, 91, 92, 94, 95, 96, 100, 102, 106, 108, 115, 117, 126, 127. This Opinion and Order addresses each motion, except for the pending summary judgment motion and related matters, which will be addressed by separate order. *See* ECF Nos. 117, 126, 127.

Initially, Brewer was granted leave to proceed against Sgt. Peaks for using excessive force against him while handcuffed sometime between July 18, 2023, and July 31, 2023, in violation of the Eighth Amendment. ECF No. 9. He was also granted leave to proceed against Sgt. Wolford for failing to intervene in Sgt. Peaks' use of excessive force occurring sometime between July 18, 2023, and July 31, 2023, in violation of the Eighth Amendment. *Id*.

Brewer amended his complaint (ECF No. 72), and he was granted leave to proceed against Sgt. Hudson for using excessive force against him on July 2, 2023, in violation of the Eighth Amendment and against Sgt. Wolford for failing to intervene in Sgt. Peaks' use of excessive force on August 1, 2023, in violation of the Eighth Amendment. ECF 86. Brewer was not permitted to proceed against Sgt. Peaks because he did not name him as a defendant. *Id.* at 5.

Brewer then filed a motion titled: "Motion to dismiss the new amended Complaint. And Continue on With Complaint on devin Wolford and Dalton peaks Defendant's. My prior claim." ECF No. 91. In the motion, Brewer makes it clear that, when he amended his complaint, he did not intend to abandon his claim against Sgt. Peaks. He asks that the Court dismiss his amended complaint and allow him to proceed on the earlier complaint.

Along with the motion to dismiss, Brewer filed a request for production demanding production of a federal rule that states that, once a defendant has been removed, they cannot be added back. ECF No. 90. While this was docketed as a motion, it is clear this was directed at the defendants. Therefore, the Clerk of Court will be directed to correct the docket to reflect that this is a request for production.

A few days later, Brewer filed a motion to amend his complaint. ECF No. 96. In the motion to amend, Brewer objects to this Court's opinion and order because the Court refused to consider facts that were not presented in the operative complaint. Brewer has repeatedly asserted that he should be able to amend his complaint by incorporating things outside of it. Brewer demands a citation to a Federal Rule of Civil Procedure that says he cannot amend in the manner he wishes. First, it is not this Court's job to do Brewer's legal research. Brewer does not seem to believe that either legal precedent or citations to this Court's local rules govern his case. *Id.* at 2 ("I don't want no case cite I want Federal rule that this is not allowed. Local court rules does [sic] not govern Federal Law nor does case cite's [sic]."). Brewer is mistaken. This Court's local rules can and will be enforced. *McCurry v. Kenco Logistics Servs., LLC*, 942 F.3d 783, 787 (7th Cir. 2019) (holding that district courts "may strictly enforce local summary-judgment rules" even against parties who are proceeding without counsel); *Lipinski v. Castaneda*, 830 F. App'x 770, 771 (7th Cir. 2020) ("[D]istrict courts may reasonably require that even pro se litigants strictly comply with local rules . . . ."). This Court's local rules do not permit Brewer to amend without

including a copy of his proposed amended complaint, and they do not permit parties to amend in a piecemeal fashion. *See* N.D. Ind. L.R. 15-1. Therefore, his objection will be overruled and, to the extent he is asking in this motion to amend his complaint, the motion will be denied. ***The relevance of this Court's local rules is not up for debate. The rules will be followed.*** When the case is resolved, Brewer will have an opportunity to file an appeal, and he can raise his arguments there, but this Court will not continue to entertain them.

Brewer also objects to the scheduling order not being vacated when he amended his complaint. ECF No. 96. An amended complaint wipes away prior pleadings; it does not wipe away prior orders. *Massey v. Helman*, 196 F.3d 727, 735 (7th Cir. 1999) ("[W]hen a plaintiff files an amended complaint, the new complaint supersedes all previous complaints and controls the case from that point forward [b]ecause a plaintiff's new complaint wipes away prior pleadings . . . ."). Nonetheless, the existing scheduling order needs to be adjusted. Therefore, the scheduling order (ECF No. 19) will be vacated, with new dates established by separate order later.

Brewer also filed a motion (ECF No. 95) titled as a motion for extension but requesting a ruling on his motion asking to withdraw his amended complaint and proceed on his claims against Sgt. Peaks and Sgt. Wolford. This motion again makes clear that Brewer wishes to abandon his claim against Sgt. Hudson. However, motions asking the Court to rule on motions are not helpful. The Court is aware of what is pending on its docket. It takes time to review filings and prepare rulings. That work slows to a halt when a party insists on filing multiple motions, many of which are unnecessary, repetitive, or frivolous. Litigation is a marathon, not a sprint. This case is important, but all cases before this Court are important. Filing motions asking for rulings will not expedite things; these non-substantive motions only clutter the docket and divert judicial resources that could be used for working on substantive motions.

Nonetheless, it is clear from Brewer's motion that he wishes to proceed on his original complaint, which the Court screened on May 2, 2024 (ECF No. 9). Therefore, his motion asking that the amended complaint be "dismissed" will be granted to the extent that the amended complaint will be stricken from the record, leaving the original complaint as the operative one. The Court's December 20, 2024 screening order (ECF No. 86) will also be vacated. That means that this case will proceed on the claims as outlined in this Court's May 2, 2024 screening order (ECF No. 9). Sgt. Peaks will be added back to the docket. Sgt. Peaks previously filed an answer (ECF No. 15), but he will be granted an opportunity to amend that answer.

Now that it is clear which claims are before the Court, other matters can be addressed. Sgt. Peaks and Sgt. Wolford filed a motion to stay this case pending screening of the amended complaint. ECF No. 79. That request is now moot and will be denied.

Sgt. Wolford filed a motion seeking to strike discovery requests directed at Sgt. Peaks who, at the time, was no longer a defendant. ECF No. 94. This motion will be denied because this case is again proceeding against Sgt. Peaks.

Sgt. Hudson and Sgt. Wolford filed a motion seeking a new scheduling order. ECF No. 102. After this motion was briefed, Brewer filed a sur-reply. ECF No. 105. Defendants moved to strike the sur-reply. ECF No. 106. The Court has already indicated that the scheduling order will be vacated. Therefore, both the motion seeking a new scheduling order and the motion to strike the sur-reply will be denied as moot.

Brewer filed an unsigned motion asking for a ruling on the issue of exhaustion of administrative remedies. ECF No. 108. Federal Rule of Civil Procedure 11(a) requires that all filings be signed. Furthermore, his request for a ruling was premature, as this affirmative defense is an issue that must be raised by the defendants in a motion for summary judgment. Therefore, the motion will be denied.

Brewer also filed a motion titled as a "Motion of Discovery Production." ECF 115. In this motion, Brewer complains that Debbie Leonard would not notarize a document. It is unclear what relief Brewer is seeking from the Court, but Brewer does not need to notarize anything for purposes of this case. Therefore, this motion will be denied.

Sgt. Wolford and Sgt. Hudson filed three motions seeking additional time to respond to various discovery requests. ECF Nos. 89, 92, 100. Because a motion for summary judgment on the issue of exhaustion has been filed, discovery will be stayed pending resolution of that motion. *See Pavey v. Conley*, 544 F.3d 739, 742 (7th Cir. 2008), *as amended on denial of reh'g and reh'g en banc* (Sept. 12, 2008) ("[I]n the ordinary case discovery with respect to the merits should be deferred until the issue of exhaustion is resolved."), and *abrogated by Perttu v. Richards*, No. 23-1324, 2025 WL 1698783 (U.S. June 18, 2025). Nonetheless, the motions will be granted as to Sgt. Wolford to the extent that the responses have not already been provided, with a new deadline of thirty days after the discovery stay is lifted.

Brewer filed a motion to compel discovery responses from Sgt. Wolford. ECF No. 81. This motion will be denied with leave to refile *no sooner than* 45 days after the stay on discovery has been lifted, if *and only if* the issues raised in the motion have not yet been resolved.

Finally, Brewer filed a document that is a "general statement to the court," an objection to one of the Court's rulings, and a demand for a response from the Court and answers to his questions. ECF No. 84. It is the Court's role to rule on motions that seek specific relief. There is no provision that permits Brewer to file general statements. Furthermore, this Court's local rules require that each motion make a single request, unless the motion is seeking alternative relief. N.D. Ind. L. R. 7-1(a) ("Motions must be filed separately, but alternative motions may be filed in a single paper if each is named in the title following the caption."). This motion contains an objection to the denial of an unsigned motion to compel. ECF Nos. 57, 74. Federal Rule of Civil

5

Procedure 11(a) requires all filings be signed. This objection is frivolous. Finally, Brewer makes a series of demands that the Court explain itself; the timing of its rulings, what he is allowed and not allowed to do in discovery, etc. The Court is not required to explain why it rules on the motion when it does; there are many factors that impact when rulings are issued. The Court likewise will not serve as Brewer's advocate or legal researcher. It is Brewer's job to research the relevant law and procedures regarding discovery and to conduct himself accordingly. For these reasons, the motion (ECF No. 84) will be denied.

For these reasons, the Court:

(1) DENIES Jarrell J. Brewer's Motion to Amend (ECF No. 96);

(2) GRANTS Jarrell J. Brewer's Motion to Dismiss (ECF No. 91) to the extent he is seeking to have his amended complaint (ECF No. 72) STRICKEN from the record;

(3) STRIKES Jarrell J. Brewer's Amended Complaint (ECF No. 72) and VACATES the Court's December 20, 2024, screening order (ECF No. 86);

(4) CLARIFIES that this case is now proceeding on Jarrell J. Brewer's September 20, 2023, complaint (ECF No. 2) and this Court's May 2, 2024, screening order (ECF No. 9);

(5) GRANTS Sgt. Peaks until **July 20, 2025**, to file an amended answer (ECF No. 15);

(6) DIRECTS the Clerk of Court to correct the caption to reflect that Jarrell J. Brewer's Request for Production of Federal Rule (ECF No. 90) is not a motion;

(7) DENIES as moot Brewer's Motion for Extension (ECF No. 95);

(8) VACATES the Court's August 8, 2024, scheduling order (ECF No. 19);

(9) DENIES as moot Sgt. Peaks' and Sgt. Wolford's motion to stay this case pending screening (ECF No. 79);

(10) DENIES Sgt. Wolford's motion to strike discovery directed at Sgt. Peaks (ECF No. 94);

(11) DENIES as moot Sgt. Hudson's and Sgt. Wolford's Motion for New Scheduling Order (ECF No. 102);

(12) DENIES Sgt. Hudson's and Sgt. Wolford's motion to strike sur-reply (ECF No. 106);

(13) DENIES Jarrell J. Brewer's unsigned motion for ruling (ECF No. 108);

(14) DENIES Brewer's motion complaining that Debbie Leonard would not notarize a document (ECF No. 115);

(15) STAYS all discovery in this case pending the filing of Sgt. Peak's amended answer, if any, and resolution of Sgt. Wolford's affirmative defense of failure to exhaust administrative remedies;

(16) GRANTS the motions seeking extensions filed by Sgt. Hudson and Sgt. Wolford (ECF Nos. 89, 92, 100), CLARIFIES that Sgt. Hudson is no longer a defendant and need not respond, and EXTENDS the deadline for Sgt. Wolford to respond until thirty (30) days after the discovery stay is lifted;

(17) DENIES Brewer's motion to compel (ECF No. 81) with leave to refile no sooner than forty-five (45) days after the stay on discovery has been lifted, if the matters raised in the motion have not yet been resolved; and

(18) DENIES Jarrell J. Brewer's general statement to the court, objection, and demand for a response from the court and answers to his questions (ECF No. 84).

SO ORDERED on June 27, 2025.

s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT