## UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF INDIANA
## SOUTH BEND DIVISION

JARELL J. BREWER,

        Plaintiff,

        v.

PEAKS and WOLFORD,

        Defendants.

CAUSE NO.: 3:23-CV-866-TLS-AZ

## OPINION AND ORDER

Jarell J. Brewer, a prisoner without a lawyer, is proceeding in this case on two claims:
(1) "against Sgt. Peaks in his individual capacity for compensatory and punitive damages for
using excessive force against him while handcuffed sometime between July 18, 2023, and July
31, 2023, in violation of the Eighth Amendment;" and (2) "against Sgt. Wolford in his individual
capacity for compensatory and punitive damages for failing to intervene in Sgt. Peaks' use of
excessive force occurring sometime between July 18, 2023, and July 31, 2023, in violation of the
Eighth Amendment." ECF No. 9 at 7–8. The Defendants filed a motion for summary judgment,
arguing Brewer did not exhaust his administrative remedies before filing this lawsuit. ECF No.
141. Brewer filed a response, and the defendants filed a reply. ECF 146, 147. Brewer then filed a
motion for leave to file a sur-reply which was granted by the court, but Brewer did not file any
sur-reply by the deadline. ECF 148, 149. After that deadline passed, the Defendants filed a
motion requesting a ruling on their summary judgment motion. ECF 150. The Court will now
rule on the defendants' motion for summary judgment.

Summary judgment must be granted when "there is no genuine dispute as to any material
fact and the movant is entitled to judgment as a matter of law." Federal Rule of Civil Procedure

56(a). A genuine issue of material fact exists when "the evidence is such that a reasonable [factfinder] could [find] for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986). To determine whether a genuine issue of material fact exists, the court must construe all facts in the light most favorable to the non-moving party and draw all reasonable inferences in that party's favor. *Heft v. Moore*, 351 F.3d 278, 282 (7th Cir. 2003). A party opposing a properly supported summary judgment motion may not rely merely on allegations or denials in its own pleading but must "marshal and present the court with the evidence [he] contends will prove [his] case." *Goodman v. Nat'l Sec. Agency, Inc.*, 621 F.3d 651, 654 (7th Cir. 2010).

Prisoners are prohibited from bringing an action in federal court with respect to prison conditions "until such administrative remedies as are available are exhausted." 42 U.S.C. § 1997e(a). "[A] suit filed by a prisoner before administrative remedies have been exhausted must be dismissed; the district court lacks discretion to resolve the claim on the merits, even if the prisoner exhausts intra-prison remedies before judgment." *Perez v. Wis. Dep't of Corr.*, 182 F.3d 532, 535 (7th Cir. 1999) (citation omitted). Nevertheless, "[f]ailure to exhaust is an affirmative defense that a defendant has the burden of proving." *King v. McCarty*, 781 F.3d 889, 893 (7th Cir. 2015) (citations omitted).

The Seventh Circuit has taken a "strict compliance approach to exhaustion." *Dole v. Chandler*, 438 F.3d 804, 809 (7th Cir. 2006). Thus, "unless the prisoner completes the administrative process by following the rules the state has established for that process, exhaustion has not occurred." *Pozo v. McCaughtry*, 286 F.3d 1022, 1023 (7th Cir. 2002). However, inmates are only required to exhaust administrative remedies that are "available." *Woodford v. Ngo*, 548 U.S. 81, 102 (2006). The availability of a remedy is not a matter of what

2

appears "on paper," but rather whether the process was in actuality available for the prisoner to

pursue. *Kaba v. Stepp*, 458 F.3d 678, 684 (7th Cir. 2006). Thus, when prison staff hinder an

inmate's ability to use the administrative process, administrative remedies are not considered

"available." *Id.* In essence, "[p]rison officials may not take unfair advantage of the exhaustion

requirement . . . and a remedy becomes 'unavailable' if prison employees do not respond to a

properly filed grievance or otherwise use affirmative misconduct to prevent a prisoner from

exhausting." *Dole*, 438 F.3d at 809 (citations omitted).

  The Defendants provide Brewer's grievance records and a copy of the Offender

Grievance Process, which show the following facts: In order to fully exhaust a grievance, an

inmate must complete three steps: (1) a formal grievance; (2) a Level I appeal to the warden; and

(3) a Level II appeal to the Department Grievance Manager. ECF No. 141-2 at 3. Once an inmate

submits a formal grievance, the grievance office must "review the grievance form within ten (10)

business days of receiving it and shall either accept it and record it, or reject it." *Id.* at 10. A

grievance form can be rejected if any of the following requirement are not met:

> Each completed State Form 45471, "Offender Grievance," must meet the
> following standards:
> 1. Each part of the form shall be completed;
> 2. It shall be written legibly;
> 3. It shall avoid the use of legal terminology;
> 4. It shall relate to only one event or issue;
> 5 It shall be signed, dated, and submitted by an offender on his or her
> own behalf, although it can be written by another offender or staff member
> if the offender is unable to do so due to a physical impairment, language
> impairment, or other obstacle;
> 6. It shall explain how the situation or incident affects the offender;
> and,
> 7. The offender shall suggest appropriate relief or remedy.

*Id.* at 9–10. If the grievance office rejects and returns a grievance to an inmate, "It shall be the

responsibility of the offender to make the necessary revisions to the grievance form and to return

the revised form to the Offender Grievance Specialist within five (5) business days from the date that it is returned to the offender." *Id.* at 10.

Brewer's grievance records show the following: On August 1, 2023, Brewer filed Grievance 159868, complaining that Officer Peaks assaulted him and Officer Wolford failed to protect him on August 1, 2023. ECF No. 141-4 at 24–26. In the portion of the grievance form where Brewer was asked to "State the relief that you are seeking," Brewer wrote that: (1) he wanted to exhaust his administrative remedies so he could file a lawsuit; (2) he needed protection because his life was in danger; (3) he would have to resort to self-defense if no steps were taken to protect him; and (4) he wanted the defendants to explain their conduct. *Id.* On September 25, 2023, the grievance office rejected and returned Grievance 159868 to Brewer, explaining, "You have not shown a good faith, as you indicate that you are filing a grievance to exhaust internal remedies and file a suit." *Id.* at 27–28. The grievance office did not provide any further explanation as to why it rejected Grievance 159868. *See id.*

Here, the undisputed facts show the grievance office made Brewer's administrative remedies unavailable by improperly rejecting Grievance 159868 on the basis that he had not shown "good faith." Specifically, the Offender Grievance Process does not require that an inmate must show his grievance was submitted in "good faith" in order to properly submit the grievance. Rather, as noted above, the Offender Grievance Process only provides that:

1.   Each part of the form shall be completed;
2.   It shall be written legibly;
3.   It shall avoid the use of legal terminology;
4.   It shall relate to only one event or issue;
5.   It shall be signed, dated, and submitted by an offender on his or her own behalf, although it can be written by another offender or staff member if the offender is unable to do so due to a physical impairment, language impairment, or other obstacle;
6.   It shall explain how the situation or incident affects the offender; and,

4

       7.      The offender shall suggest appropriate relief or remedy.

ECF 141-2 at 9–10. Grievance 159868 seems to meet each of these requirements.

In their summary judgment motion, the Defendants argue that the grievance office properly rejected Grievance 159868 because it did not suggest an appropriate remedy, as Brewer stated he only filed the grievance to exhaust his remedies and file a lawsuit. But there are three issues with this argument. First, Brewer also requested in Grievance 159868 that the Defendants be asked to explain their conduct and prison officials take steps to protect him, which seems to suggest an appropriate remedy. The fact that Brewer stated he wanted to exhaust his remedies and file a lawsuit does not render his other requested relief inappropriate. Second, the "Return of Grievance" form did not adequately explain to Brewer that Grievance 159868 was being rejected for failing to suggest an appropriate remedy. *See* ECF 141-4 at 28. Rather, the "Return of Grievance" form only told Brewer that Grievance 159868 was being rejected because he was not "grieving in good faith" and did not inform Brewer that he needed to modify and resubmit the grievance with a different request for relief. And third, the Offender Grievance Process provides that "*No grievance shall be rejected because an offender seeks an improper or unavailable remedy*, except that a grievance shall be rejected if the offender seeks a remedy to a matter that is inappropriate to the offender grievance process." ECF 141-2 at 7 (emphasis added). Because Grievance 159868 raised a matter that was appropriate to the Offender Grievance Process by complaining of the Defendants' alleged assault and failure to protect on August 1, the fact that Brewer sought an improper or unavailable remedy was not a valid basis for rejecting the grievance. *See id.*

Accordingly, the undisputed facts show the grievance office made Brewer's administrative remedies unavailable by improperly rejecting Grievance 159868 on the basis that

it was not submitted in "good faith." *See Dole*, 438 F.3d at 809 ("[A] remedy becomes 'unavailable' if prison employees do not respond to a properly filed grievance . . . ."). Moreover, Brewer did not have an available remedy to correct and resubmit Grievance 159868 because the grievance office did not adequately inform him of any valid basis for rejecting the grievance. Thus, the Defendants have not met their burden to show Brewer had available administrative remedies he did not exhaust before filing this lawsuit.

Based on the foregoing, the Court hereby GRANTS the Motion for Summary Ruling [ECF No. 150] and DENIES the Defendants' Motion for Summary Judgment [ECF No. 141].

SO ORDERED on January 12, 2026.

 s/ Theresa L. Springmann
JUDGE THERESA L. SPRINGMANN
UNITED STATES DISTRICT COURT